# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CODY J. STAVIG,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-00937 |
| | § | |
| **JP MORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

## INDEX OF DOCUMENTS ATTACHED TO NOTICE OF REMOVAL

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | State Court Civil Docket Sheet |
| A-2 | 09/16/2021 | Plaintiff's Original Petition |
| A-3 | 09/22/2021 | Citation |
| A-4 | 10/04/2021 | Affidavit of Service |

# Exhibit A-1

(https://www.traviscountytx.gov)

# District Clerk - AARO - Attorney Access to Records Online

Details

Updated : Friday, October 15, 2021 4:37:00 AM

**Cause Number**
D-1-GN-21-005402
**Style**
STAVIG VS JPMORGAN CHASE
**Filed Date**
9/16/2021
**Court**
353
**Type**
DEBT/CONTRACT (GEN LIT )
**Case Status**
PENDING
**Action/Offense**
**Hearing Date**

Request Documents (https://www.traviscountytx.gov/district

New Search (/aaro/)

| Attorney | Type | Party - Full/Business | Party - Person |
|---|---|---|---|
|  | DEFENDANT | JP MORGAN CHASE BANK NA |  |
| RAY JAMES ROBERT | PLAINTIFF |  | STAVIG , CODY J |

| Date | Court | Party | Description | Category | Pages | |
|---|---|---|---|---|---|---|
| 9/22/2021 | 353 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7786835) |
| 9/16/2021 | 353 | PL | ORIGINAL PETITION/APPLICATION | PET-PL | 6 | Download (/aaro/Default/GetPdf?barCodeId=7784307) |

Request Documents (https://www.traviscountytx.gov/district-clerk/records-request)

New Search (/aaro/)

© 2021 Travis County, Texas - All rights reserved.

## Case Information

# STAVIG VS JPMORGAN CHASE
D-1-GN-21-005402

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Travis County - 353rd District Court | Civil - Other Civil | Debt/Contract - Other | 9/16/2021 |

Judge
353RD

## Parties [2]

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | CODY J STAVIG | JAMES ROBERT RAY |
| Defendant | JP MORGAN CHASE BANK NA | |

## Events [2]

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 9/16/2021 | Filing | Petition | Original Petition | Original Petition.pdf |
| 10/4/2021 | Filing | EXECUTED SERVICE | CITATION JP MORGAN CHASE BANK NA | 2021007059.cit.aff.pdf |

© 2021 Tyler Technologies, Inc. | All Rights Reserved
Version: 2021.9.0.3284



# Exhibit A-2

9/16/2021 2:25 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-005402
Jessica A. Limon

CAUSE NO. **D-1-GN-21-005402**

| | | |
|---|---|---|
| CODY J. STAVIG, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| VS. | § § | TRAVIS COUNTY, TEXAS |
| JP MORGAN CHASE BANK, N.A., | § § § | |
| Defendant. | § | **353RD** JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Cody J. Stavig (hereinafter referred to as "Plaintiff"), and complain of Defendant JP Morgan Chase Bank, N.A. (herein called "Chase" and "Defendant"), and in support of same would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff designates this matter for discovery as a Level 2 case, under Rule 190.3 of the Texas Rules of Civil Procedure.

### II. CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.00. Tex. R. Civ. P. 47(c)(4).

### III. PARTIES AND SERVICE

3. Plaintiff Cody J. Stavig is an individual and resident of Travis County, Texas.

4. Defendant JP Morgan Chase Bank, N.A. is a New York corporation doing business throughout the State of Texas, that may be duly served with a copy of this Petition by serving its Texas Registered Agent for Service of Process, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

4847-9611-6985v.2

## IV. JURISDICTION AND VENUE

5. This Court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of the Court.

6. Venue is proper in Travis County, Texas pursuant to Texas Civil Practice and Remedies Code (TRCP) § 15.002(a)(1), (a)(3), and (a)(4) because: a substantial part of the events giving rise to Plaintiffs' causes of action asserted against Defendant occurred in Travis County, Texas, Defendant maintains its principal Texas office at 221 W 6th Street, 2nd floor, Austin, Travis County, Texas 78701, and further undertook to do business in Travis County, Texas by engaging in a loan transaction pertaining to real property located in Travis County, Texas, and because Plaintiff and anticipated witnesses reside in Travis County, Texas.

## V. CONDITIONS PRECEDENT

7. Plaintiff have performed all necessary conditions precedent to filing of this suit.

## VI. FACTUAL BACKGROUND

8. During the end of September 2020, Plaintiff began discussions with Chase regarding a loan in connection with Plaintiff's purchase of real property located at 2904 Rivercrest Dr, Austin, Texas 78746 (the "Property").

9. From the outset, Plaintiff communicated to Chase that the loan to purchase the Property would be part of a reverse 1031 exchange involving multiple real estate properties.

10. In real estate, a 1031 exchange is a swap of one investment property for another that allows capital gains taxes to be deferred. The term gets its name from the Internal Revenue Service (IRS) code Section 1031. A "reverse" exchange occurs when the taxpayer acquires the replacement property before transferring the relinquished property.

11. Over many years, and through substantial capital investments, Plaintiff acquired multiple real estate properties, including several in and around the Austin area. Because of the

nature of the transaction involving the Property, an effective reverse 1031 exchange was critical to avoid enormous potential tax and cost consequences.

12. At least as early as October 7, 2020, Plaintiff sent written correspondence to Chase which reiterated the need for the reverse 1031, provided the 1031 language to include in the loan documents, and connected Chase with Plaintiff's 1031 exchange intermediary in the event that Chase required any further information.

13. Importantly, in that same October 7, 2020 correspondence, Plaintiff specifically notified Chase <u>any financing must be secured in the name of Plaintiff's 1031 exchange intermediary</u>. This was of the utmost importance in order to pursue an "exchange last" structure.

14. In an "Exchange Last" reverse exchange, the "exchange accommodation titleholder" or "EAT" takes title to the replacement property at the scheduled closing by borrowing funds from the investor and signing any third party loan documents. Once the relinquished property is ready to be sold to the third party buyer, a qualified intermediary sells the relinquished property to the buyer and uses the funds to acquire the replacement property from the EAT.

15. In an "Exchange First" reverse exchange, the EAT takes title to the relinquished property. This must happen prior to the closing of the replacement property. The EAT pays the purchase price by taking the property subject to any existing financing and borrowing the equity from the investor. The EAT uses the borrowed funds to pay for the relinquished property and they become exchange funds. The qualified intermediary uses those exchange funds to acquire the replacement property.

16. From early October through late November, Plaintiff submitted documents in response to Chase's requests in order for Chase to underwrite the loan. During this process,

Plaintiff repeatedly communicated to Chase that time was of the essence. Not once during these two months did Chase suggest it was unable to close under the "exchange last" loan structure.

17. Documents consistent with the "exchange last" structure were submitted to the title company on or about November 13, 2020. Upon information and belief, those same documents were made available to Chase on or after that date.

18. The original closing date was scheduled on December 3, 2020, and all contingencies to close on the purchase of the Property were removed as of November 27, 2020. On or about November 27, 2020, Plaintiff was able to reach an agreement with the seller of the Property to amend the closing date to December 15, 2020.

19. On December 8, 2020, approximately one week before Plaintiff's scheduled closing on the Property, Chase informed Plaintiff that it would not proceed with the "exchange last" structure.

20. Chase's failure to handle the loan process appropriately required Plaintiff to modify the reverse 1031 exchange from an "exchange last" to an "exchange first" structure. The "exchange first" modification resulted in substantial tax and cost consequences that Plaintiff would not have incurred had Chase exercised ordinary care in its communications with Plaintiff during the loan process.

### VII. Causes Of Action

#### A. Negligent Misrepresentation

21. Plaintiff incorporates the foregoing paragraphs by reference in support of their claim in negligent misrepresentation.

22. Chase's representatives made active representations concerning Chase's ability to proceed with the "exchange last" structure during the course of the reverse 1031 exchange complained of herein. Such representations were made to induce Plaintiff to proceed with Chase

as the lender in the transaction. Chase's representatives' representations were false, and the representations were made without exercising reasonable care in obtaining or communicating the information. If Chase was unable to proceed with the "exchange last" structure, reasonable care required Chase to communicate that fact to Plaintiff with sufficient time for Plaintiff to pursue alternative lenders. Nevertheless, Chase continued to mislead Plaintiff for sixty-days as to its willingness and/or ability to fund the transaction as contemplated.

23. Plaintiff justifiably relied on Chase's misrepresentations, to its detriment, resulting in damages within the jurisdictional limits of this Court for which Plaintiff now sues.

## VIII. CONCLUSION

For the reasons stated above, Plaintiff asks that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded Judgment against Defendant for the following:

(a) Actual damages;

(b) Prejudgment and post-judgment interest;

(c) Court costs;

(d) All other relief, whether general or special, at law or in equity to which Plaintiff is entitled.

Dated: September 16, 2021

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /*James R. Ray, III*/
James R. Ray, III
Tex. Bar. No. 24079746
1717 W. Sixth Street, Suite 250
Austin, Texas 78703
(512) 391-6100
jray@munsch.com

**ATTORNEYS FOR PLAINTIFF**

# Exhibit A-3

C I T A T I O N
T H E  S T A T E  O F  T E X A S
**CAUSE NO. D-1-GN-21-005402**

CODY J. STAVIG
, Plaintiff

vs.
JP MORGAN CHASE BANK, N.A.,
, Defendant

TO:   JP MORGAN CHASE BANK NA
      BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
      1999 BRYAN STREET STE 900
      DALLAS, TEXAS 75201

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on SEPTEMBER 16, 2021  in the 353RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, September 22, 2021.

REQUESTED BY:
JAMES ROBERT RAY
1717 W 6TH ST STE 250
AUSTIN, TX 78703
BUSINESS PHONE:(512)391-6177  FAX:(512)391-6149

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY:  JESSICA A.-LIMON

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,
by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-21-005402                         SERVICE FEE NOT PAID                         P01 - 000112661

# Exhibit A-4

10/4/2021 3:33 PM
**Velva L. Price
District Clerk
Travis County
D-1-GN-21-005402
Diana Parsons**

CITATION
THE STATE OF TEXAS
CAUSE NO. D-1-GN-21-005402

CODY J. STAVIG , Plaintiff

vs.

JP MORGAN CHASE BANK, N.A., , Defendant

TO:   JP MORGAN CHASE BANK NA
      BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
      1999 BRYAN STREET STE 900
      DALLAS, TEXAS 75201

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on SEPTEMBER 16, 2021 in the 353RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, September 22, 2021.

REQUESTED BY:
JAMES ROBERT RAY
1717 W 6TH ST STE 250
AUSTIN, TX 78703
BUSINESS PHONE:(512)391-6177   FAX:(512)391-6149

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY:  JESSICA A.-LIMON

— — — — — — — — — — RETURN — — — — — — — — — —

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M.,
by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-21-005402          SERVICE FEE NOT PAID          P01 - 000112661

AUSTIN PROCESS, LLC
809 NUECES
AUSTIN, TX 78701

SERVICE RETURN ATTACHED

Copy from re:SearchTX

# AFFIDAVIT OF SERVICE

**State of Texas**  **County of Travis**  353rd Judicial District Court

Case Number: D-1-GN-21-005402

Plaintiff:
**Cody J. Stavig**
vs.
Defendant:
**JP Morgan Chase Bank, N.A.**

For: Munsch Hardt Kopf & Harr (Austin)

Received on the 24th day of September, 2021 at 1:51 pm to be served on JP Morgan Chase Bank NA By serving its Registered Agent, CT Corporation System, 1999 Bryan Street, Ste 900, Dallas, Dallas County, TX 75201. I, Caleb Malone, being duly sworn, depose and say that on the 27 day of September, 2021 at 11:10 A.m., executed service by delivering a true copy of the **Citation and Plaintiff's Original Petition** in accordance with state statutes in the manner marked below:

(X) **CORPORATE SERVICE:** By delivering a true copy of the listed documents with the date and hour of service endorsed thereon by me, to: Latoya Stern as Intake Specialist at 1999 Bryan St Suite 900, Dallas, TX 75201, and informed said person of the contents therein, in compliance with state statutes.

( ) **PUBLIC AGENCY:** By delivering a true copy of the listed documents with the date and hour of service endorsed thereon by me, to: _____ as _____ of the within-named agency at _____, and informed said person of the contents therein, in compliance with state statutes.

( ) **SUBSTITUTE SERVICE:** By delivering a true copy of the listed documents with the date and hour of service endorsed thereon by me, to: _____ as _____ at _____, and informed said person of the contents therein, in compliance with state statutes.

( ) **NON SERVICE:** For the reason detailed in the comments below.

**COMMENTS:**

I certify that I am over the age of 18, of sound mind, have no interest in the above action. I delivered the listed documents with the date of service endorsed thereon by me and informed the recipient of the contents therein, in compliance with state statutes. The facts stated in this affidavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 27 day of September, 2021 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # PSC 1574 exp 10/31/23
Appointed in accordance with State Statutes

Austin Process LLC
809 Nueces
Austin, TX 78701
(512) 480-8071

Our Job Serial Number: 2021007059
Ref: 20243.1

BETHANY PALLISTER
Notary Public, State of Texas
Comm. Expires 08-01-2024
Notary ID 129009133

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c